IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 22-cv-00680-CMA-MDB

FREDRICA RENEE LINTON,

    Plaintiff,

v.

BARBARA E. EMBRY,

    Defendant.

---

**ORDER OVERRULING OBJECTIONS AND AFFIRMING THE RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE (Doc. # 14)**

---

This matter is before the Court on the January 27, 2023 Recommendation (Doc. # 14) of United States Magistrate Judge Maritza Dominguez Braswell, wherein she recommends denying Defendant Barbara E. Embry's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. # 7). Defendant objects to that Recommendation. (Doc. # 16.) For the following reasons, the Court affirms and adopts Judge Dominguez Braswell's Recommendation as an order of this Court.

## I.    BACKGROUND

Judge Dominguez Braswell's Recommendation provides a thorough recitation of the factual and procedural background of this case. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Accordingly, the Court will reiterate only the facts necessary to address Defendant's Objection. The Court takes the following well-pleaded facts from Plaintiff's Complaint (Doc. # 1) and assumes them to be true for purposes of reviewing the Motion to Dismiss. *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

The parties in this case are the adult daughters and sole surviving children of Fred Linton. (Doc. # 1 at ¶ 6.) Plaintiff is a citizen and resident of Arizona, and Defendant is a citizen and resident of Colorado. (Doc. # 1 at ¶¶ 2–3.)

In or about 2004, Mr. Linton opened a primary checking account with Wells Fargo. (*Id.* at ¶ 7.) In approximately 2009, Mr. Linton opened a high yield savings account with the same bank. (*Id.* at ¶ 8.) On May 25, 2010, Mr. Linton submitted documentation to add Plaintiff as a joint owner of both accounts. (*Id.* at ¶ 8.) On May 4, 2010, Mr. Linton executed the "Last Will and Testament of Fred Linton." (*Id.* at ¶ 13.) On March 1, 2020, Mr. Linton executed the "First Codicil to Last Will and Testament of Fred Linton." (*Id.* at ¶ 16.) Neither the Will nor the Codicil references the Wells Fargo accounts. (*Id.* at ¶ 17.) As of December 31, 2021, the total balance of the two jointly owned Wells Fargo accounts was $192,492.97. (*Id.* at ¶ 21.)

Mr. Linton died on January 3, 2022, at the age of 96. (*Id.* at ¶ 6.) After his death, Defendant demanded that Plaintiff pay her $100,000 for "half of [her] inheritance." (*Id.* at ¶ 22.) Plaintiff informed Defendant of her position that, upon their father's death, Plaintiff became the exclusive owner of the funds in the Wells Fargo accounts by operation of law, pursuant to Colorado's multi-party account statute, Colo. Rev. Stat. §§ 15-15-201

*et seq.* (*Id.* at ¶ 23.) However, Defendant continued to "send threatening messages" including accusing Plaintiff of "trying to steal" her inheritance. (*Id.*)

On March 18, 2022, Plaintiff commenced this diversity-based declaratory judgment action. *See generally* (Doc. # 1.) Plaintiff seeks declarations: (1) "that Plaintiff Ms. Linton is the sole owner of the funds on deposit in Wells Fargo Joint Ownership Accounts at the date of Mr. Fred Linton's death, pursuant to the operation of [Colo. Rev. Stat.] § 15-15-212;" and (2) "that the Wells Fargo Joint Ownership Accounts, pursuant to [Colo. Rev. Stat.] § 15-15-214, are not testamentary and are not subject to estate administration." (*Id.* at 8.) On April 8, 2022, Defendant moved to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1). *See generally* (Doc. # 7.) Judge Dominguez Braswell issued her Recommendation on January 27, 2023. (Doc. # 14.) Defendant timely filed an Objection (Doc. # 16), and the matter is now ripe for review.

## II.     LEGAL STANDARDS

### A.     REVIEW OF A MAGISTRATE JUDGE'S RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." In conducting the review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). "In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991)

3

(citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

In order to be properly made and, therefore, to preserve an issue for *de novo* review by the district judge, an objection must be both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is proper if it is specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." Id. at 1059 (internal quotation marks omitted).

**B.      FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**

Dismissal pursuant to Fed. R. Civ. P. 12(b)(1) is appropriate if the Court lacks subject matter jurisdiction over the claims for relief asserted in the complaint. "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008). Generally, a Rule 12(b)(1) motion may take two forms: a facial attack or a factual attack on the complaint. *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995) *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425, 437 (2001). A facial attack, like the one here, "questions the sufficiency of the complaint," and when "reviewing a facial attack . . . a district court must accept the allegations in the complaint as true." *Id.* at 1002.

### III.     ANALYSIS

Defendant argues that this Court lacks subject matter jurisdiction because the case falls within the "probate exception" to federal diversity jurisdiction. (Doc. # 7 at 1–3.) Specifically, Defendant argues that because resolving Plaintiff's claims would require the Court to decide whether the funds in dispute are part of Mr. Linton's estate, the probate exception applies to the instant case. (*Id.* at 7–8.)

> As the United States Court of Appeals for the Tenth Circuit explains,
>
> > The probate exception is a judicially created exception to diversity jurisdiction that "stem[s] in large measure from misty understandings of English legal history." *Marshall v. Marshall*, 547 U.S. 293, 299, 126 S. Ct. 1735, 164 L.Ed.2d 480 (2006). Its essence is that "a federal court has no jurisdiction to probate a will or administer an estate" or "to disturb or affect the possession of property in the custody of a state court." *Markham v. Allen*, 326 U.S. 490, 494, 66 S. Ct. 296, 90 L. Ed. 256 (1946); *see Marshall*, 547 U.S. at 311-12, 126 S. Ct. 1735.

*Dunlap v. Nielsen*, 771 F. App'x 846, 849 (10th Cir. 2019). In support of her argument that probate court has "exclusive jurisdiction" over Plaintiff's claims, (Doc. # 7 at 3), Defendant cites to *Johnson v. Porter*, 931 F. Supp. 761, 762 (D. Colo. 1996), for the proposition that "[t]he standard for determining whether federal jurisdiction may be exercised is whether under state law the dispute would be cognizable only by the probate court. If so, the parties will be relegated to that court." *Id.* (quoting *McKibben v. Chubb*, 840 F.2d 1525, 1529 (10th Cir. 1988)).

However, as Plaintiff points out in her Response, (Doc. # 17 at 1, 3, 7), Defendant appears to disregard the Supreme Court of the United States' 2006 case "clarifying that the scope of the probate exception is 'narrow' and 'distinctly limited.'" *Dunlap*, 771 F. App'x at 850 (quoting *Marshall*, 547 U.S. at 305, 310). Although it is true

that prior to *Marshall*, federal courts, including the Tenth Circuit, had understood the probate exception to "block federal jurisdiction over a range of matters well beyond probate of a will or administration of a decedent's estate," *id.* at the 849 (quoting *Marshall*, 547 U.S. at 311), the Tenth Circuit has since recognized that

> where diversity jurisdiction exists, federal courts retain jurisdiction to decide matters that are probate-related or that may impact the state probate court's performance of the three tasks reserved to it, [(1) the probate or annulment of a will, (2) the administration of a decedent's estate, and (3) endeavoring to dispose of property that is in the custody of a state probate court,] so long as the federal court itself does not engage in these tasks.

*Id.* (citing *Marshall*, 547 U.S. at 299-300).

Judge Dominguez Braswell recommended Defendant's Motion be denied because "[n]othing in the facts provided suggests that the Colorado probate court has custody of those funds currently." (Doc. # 14 at 7–8.) Further, Judge Dominguez Braswell noted that "[d]etermining the parties' rights in connection with those assets does not require the Court to probate or annul a will[, or] to administer a decedent's estate." (*Id.* at 8–9.) In her Objection, Defendant argues these holdings are clearly erroneous for three reasons. The Court will address each in turn.

First, Defendant asserts that Judge Dominguez Braswell clearly erred by relying on *Sandstead-Corona v. Sandstead*, 415 P.3d 310, (Colo. 2018), to support a conclusion that the Wells Fargo accounts at issue are not subject to estate administration by Colorado probate courts, when such a holding is "in complete opposition to the holding in *Sandstead*." (Doc. # 16 at 2–4 (citing Doc. # 14 at 8–9.)) As an initial matter, the Court notes that Judge Dominguez Braswell did not make the

6

holding Defendant claims she did. Rather, Judge Dominguez Braswell paraphrased Colorado state law relating to multi-party accounts, which were also at issue in *Sandstead*. (Doc. # 14 at 7–8.) Turning to the substance of Defendant's argument, in *Sandstead* the Supreme Court of Colorado concluded that a state trial court sitting in probate has jurisdiction to determine whether funds transferred from a multi-party account related to a decedent's estate. *Id.* at 317–18. However, *Sandstead* does not state that such state probate court jurisdiction is "exclusive" as Defendant claims. (Doc. # 7 at 3.)

Next, Defendant argues that Judge Dominguez Braswell erred by relying, in part, on the lack of probate court custody of the funds at issue, because this "disregards the admonishment that federal courts should not interfere in the probate proceedings of a state court." (Doc. # 16 at 4–5.) However, in outlining the distinctly limited scope of the probate exception, the Supreme Court in *Marshall* noted that this exception arises from the guiding principle "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Marshall*, 547 U.S. at 311; *see also Curtis v. Brunsting*, 704 F.3d 406, 409 (5th Cir. 2013) ("As a threshold matter, the probate exception only applies if the dispute concerns property within the custody of a state court."). Therefore, the custody of the *res* in question—the funds in the Wells Fargo accounts—was a decisive factor Judge Dominguez Braswell correctly assessed in determining whether the probate exception applies to the instant proceedings. (Doc. # 14 at 7–9.)

Finally, Defendant argues that "adopting the Recommendation of the United States Magistrate Judge will only result in the federal court's interference with the state court's probate administration and encourage parties to forum shop." (*Id.* at 5–6.) Although the Court notes Defendant's policy arguments, the Court is not at liberty to dismiss a case over which it has jurisdiction for the sole reason that another forum exists for the resolution of the claims at issue. As the Supreme Court noted in *Marshall*, "It is most true that this Court will not take jurisdiction if it should not: but it is equally true, that it must take jurisdiction if it should . . . We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." 547 U.S. at 298 (quoting *Cohens v. Virginia*, 19 U.S. 264, 404 (1921)). Thus, although it appears that Plaintiff may also have been able to seek resolution to her claims through probate proceedings, that is not grounds upon which to conclude this Court lacks jurisdiction.

### C.    CONCLUSION

For the foregoing reasons, the Court finds that Judge Dominguez Braswell's Recommendation is correct. The Court therefore ORDERS as follows:

- the January 27, 2023 Recommendation of United States Magistrate Judge Maritza Dominguez Braswell (Doc. # 14) is AFFIRMED and ADOPTED as an order of this Court;

- Defendant Barbara E. Embry's Objection (Doc. # 16) is OVERRULED; and

- Defendant Barbara E. Embry's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. # 7) is DENIED.

DATED: February 28, 2023.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
Senior United States District Judge